**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RANDAL WARDLE,
     Plaintiff,

    vs.

CLIFTON HEALTHCARE
CENTER, et al.,
     Defendants.

Case No. 1:23-cv-263

Hopkins, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff,[1] a resident of Cincinnati, Ohio, has filed a pro se civil complaint against

Clifton Healthcare Center, Hughley Hospital, the Seventh Day Adventist Church, Jewish

Hospital and Peace Hospital.   (Doc. 1-1).   By separate Order, plaintiff has been granted leave

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B).

**Screening of Complaint**

**A.**    **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

---

[1] Plaintiff's complaint also names another individual as "Plaintiff #2" in the complaint.   This named individual has not signed the complaint, and the complaint contains no allegations concerning this individual.   Therefore, the Court construes the complaint as being brought solely by Mr. Wardle.   *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).   To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.   Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).   *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).   Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."   *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*,

---

[2]   Formerly 28 U.S.C. § 1915(d).

2

*F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B.    Plaintiff's Complaint

Plaintiff's complaint alleges:

Don't try to communicate with me in your dreams. I'm not into spiritualism like even the church is into—going with a multitude of evil—trying to make the pulpit into a confessional and make me do penance, conspiring to do a communist bill-of-attainder attached to death (as if you tried to murder me by destroying my

3

constitutional rights); as if the world won't end as it isn't some Sunday law.  It wasn't anyone's business that I'd been gay as Martin told me to tell my mother that I was housesitting when he asked me to move in and when Richard (my brother) and his church friends came to visit, he told me to use Martin for everything he had. . . .

(Doc. 1-1 at PAGEID 6-7).  The complaint continues in a similar vein for an additional seven pages.  As relief, plaintiff seeks "$50 million down" and "$15 million/month starting May 14, 2023 forever."  (*Id*. at PAGEID 7; *see also Id*. at PAGEID 13).

C. **Resolution**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible.   Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's rights.  *Iqbal*, 556 U.S. at 678.  Plaintiff's allegations do not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).  Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to

apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/13/2023

Karen L. Litkovitz
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RANDAL WARDLE,                                          Case No. 1:23-cv-263
      Plaintiff,

                                  Hopkins, J.
      vs.                                          Litkovitz, M.J.


CLIFTON HEALTHCARE
CENTER, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).